IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEBORAH DENISE PUCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:05CV283 |
| | ) |
| SUPERIOR COURT JUDGE CLARENCE W. CARTER; DISTRICT ATTORNEY C. RICKY BOWMAN; ANGELA PUCKETT, ASSISTANT DISTRICT ATTORNEY; KAREN ADAMS and HEATHER BOWEN, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM OPINION</u>

Beaty, District Judge.

This case involves claims brought pursuant to 42 U.S.C. § 1983 by Plaintiff Deborah Denise Knott Puckett ("Plaintiff"), appearing *pro se*, against state prosecutors and court-appointed defense attorneys who were involved in Plaintiff's previous conviction and sentencing in North Carolina state court. This matter is presently before the Court on a Motion to Dismiss [Document #16][1] by Defendants Karen Adams ("Ms. Adams") and Heather Bowen ("Ms. Bowen"), and a Motion to Dismiss [Document #23] by Defendants C. Ricky Bowman ("District Attorney Bowman") and Angela Puckett ("Assistant District Attorney Puckett"). Superior

---

[1] To the extent Defendants Adams and Bowen filed other documents designated as "Motions to Dismiss" [Document #15, 17], those motions were all addressed in a single brief and are dealt with above in light of the Court's ruling on the Motion to Dismiss [Document #16].

Court Judge Clarence W. Carter was also named as a Defendant in the Complaint, but he was never served and is now deceased. Therefore, the only Defendants before the Court in this suit are Defendants Adams, Bowen, Bowman and Puckett. For the reasons discussed below, the Motion to Dismiss [Document #16] by Defendants Adams and Bowen will be granted, and the Motion to Dismiss [Document #23] by Defendants Bowman and Puckett will also be granted, and this case will be dismissed in its entirety .

I.      FACTUAL BACKGROUND

Plaintiff was arrested on February 9, 2001 and was charged under North Carolina state law with three counts of possession with intent to sell and deliver controlled substances ("the possession charges"), three counts of sale or delivery of controlled substances ("the sale or delivery charges"), and one count of "maintaining a dwelling" for use or distribution of a controlled substance. On April 25, 2001, the "maintaining a dwelling" charge and the three possession charges were dismissed in the Surry County District Court based on an agreement between Plaintiff and the prosecutor pursuant to which Plaintiff waived a probable cause hearing on the three remaining sale or delivery charges. The Surry County District Court bound the three sale and delivery charges over to the Superior Court. However, Defendant was subsequently indicted on all six charges (the three possession charges and the three sale and delivery charges), even though the three possession charges had been dismissed by the District Court. At a preliminary proceeding in Superior Court before Judge Moses Massey, Plaintiff argued that the three possession charges had been dismissed by agreement and should not have

2

been included in the subsequent grand jury indictment against her.  Although there was some confusion as to the status of those charges and the scope of the agreement, District Attorney C. Ricky Bowman told Judge Massey that he would honor the agreement and dismiss those three possession charges, and Judge Massey noted that the possession charges would be dismissed. However, District Attorney Bowman later noted that the agreement was contingent on Plaintiff pleading guilty to the sale and delivery charges, which she refused to do.  Plaintiff was ultimately convicted and sentenced as to all six charges in proceedings before Superior Court Judge Clarence W. Carter.  During these state criminal proceedings, Plaintiff was initially represented by Ms. Karen Adams, who was appointed by the Surry County Superior Court.  After a conflict developed between Ms. Adams and Plaintiff, Ms. Adams withdrew and Ms. Heather Bowen was appointed to represent Plaintiff.

Plaintiff appealed her conviction and sentencing to the North Carolina Court of Appeals, and the Court of Appeals noted that it was unclear from the record whether the possession charges had been dismissed by Judge Massey or should have been dismissed by the State.  The Court of Appeals noted that this issue was sufficiently raised and preserved at Plaintiff's trial, despite the fact the Plaintiff's attorney did not specifically object on this basis.  Therefore, Plaintiff's case was remanded to the state trial court to make findings of fact as to whether the possession charges had been dismissed by Judge Massey or should have been dismissed by the State prior to Plaintiff's trial.  The Court of Appeals also held that the trial judge, Judge Carter, should have allowed Plaintiff to present evidence of mitigating factors prior to sentencing her.

3

Therefore, Plaintiff's case was also remanded to allow Plaintiff to present evidence of mitigating factors prior to resentencing. On June 9, 2004, Plaintiff was re-sentenced in Superior Court and was given credit for time served and released. It therefore appears that all of the alleged errors that occurred during Plaintiff's criminal proceedings in Superior Court were corrected by the North Carolina Court of Appeals, and on remand Plaintiff was released on time served.

Plaintiff has now filed the present lawsuit pursuant to 42 U.S.C. § 1983 raising the same contentions considered by the North Carolina Court of Appeals in Plaintiff's criminal appeal. Specifically, Plaintiff claims that District Attorney Bowman and Assistant District Attorney Puckett violated her due process rights by allowing her to be tried for the three possession charges after previously agreeing to dismiss those charges. In addition, Plaintiff brings claims for "ineffective assistance of counsel" against Attorney Heather Bowen and Attorney Karen Adams, her court-appointed counsel in the state court proceedings, based on Plaintiff's contention that Ms. Bowen and Ms. Adams failed to object to her being tried on the possession charges and failed to present mitigating factors at her sentencing. Plaintiff also contends that Judge Carter lacked jurisdiction to sentence her on the possession charges and committed plain error by failing to allow her to present evidence of mitigating factors at sentencing.[2] Plaintiff attempts to bring these claims pursuant to 42 U.S.C. § 1983 for violation of her constitutional rights.

---

[2] As previously noted, Plaintiff's claims against Judge Carter are not properly before this Court because Judge Carter was never served and is deceased.

4

Case 1:05-cv-00283-JAB-WWD   Document 28   Filed 09/26/06   Page 4 of 8

II.    MOTION TO DISMISS BY DEFENDANTS ADAMS AND BOWEN

Defendants Adams and Bowen have filed a Motion to Dismiss the claims brought against them, which arise out of their representation of Plaintiff during her criminal proceedings. Specifically, Defendants Adams and Bowen note that 42 U.S.C. § 1983 provides no basis for a cause of action against them because they were not acting under "color of state law" when they represented Plaintiff in her criminal proceedings. To state a claim under § 1983, a plaintiff must allege that his or her federal rights were infringed by some "state action." See Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980). Defendants Adams and Bowen correctly note that court-appointed criminal defense attorneys do not act under "color of state law" and are therefore not subject to suit pursuant to 42 U.S.C. § 1983. See Hall, 631 F.2d at 1156. Therefore, this Court finds that Plaintiff has not stated a claim under § 1983 against Defendants Adams and Bowen. As such, the Motion to Dismiss [Document #16] by Defendants Adams and Bowen will be granted, and the claims against them will be dismissed.

III.    MOTION TO DISMISS BY DEFENDANTS BOWMAN AND PUCKETT

District Attorney Bowman and Assistant District Attorney Puckett have also moved to dismiss the claims against them, which are based on Plaintiff's allegation that District Attorney Bowman "allowed [Plaintiff] to be tried on dismissed charges" and that Assistant District Attorney Puckett "allowed [Plaintiff] to be tried on dismissed charges when she knew they were dismissed." In their Motion to Dismiss, Defendants Bowman and Puckett contend that they are protected by absolute immunity. In response, Plaintiff contends that immunity should not apply

because she has brought suit against Defendants Bowman and Puckett in both their individual and official capacities.

With respect to these contentions, the Court notes first that prosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Under this well-established principle, prosecutors enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." Id. at 430, 96 S. Ct. at 995. In applying this rule, the Court of Appeals for the Fourth Circuit has held that the process of deciding whether to seek an indictment and to pursue a conviction based on an indictment returned by a grand jury is conduct "intimately associated with the judicial phase of the criminal process." See Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); see also Taylor v. Kavanagh, 640 F.2d 450 (2nd Cir. 1981) (noting that absolute immunity applies to negotiations between the prosecutor and a defendant, even where the prosecutor allegedly breaches the agreement or makes misrepresentations to the defendant). The Fourth Circuit has also recently noted that district attorneys performing traditional prosecutorial duties, including initiation of criminal proceedings, are afforded absolute immunity in claims for damages brought against them in their individual capacities. See Nivens v. Gilchrist, 444 F.3d 237, 249-50 (4th Cir. 2006). Applying these rules to the present case, the Court finds that to the extent Plaintiff seeks money damages from Defendants Bowman and Puckett in their individual capacities for their actions in prosecuting her criminal case, including their decision to prosecute her in Superior Court for the

6

possession charges, Defendants Bowman and Puckett are protected by absolute immunity, and Plaintiff's claims for money damages against them will be dismissed.

Moreover, to the extent Plaintiff purports to bring her claims for monetary damages against Defendants Bowman and Puckett in their "official" capacities, those claims are barred by the Eleventh Amendment. See U.S. Const. amend XI. The Court of Appeals for the Fourth Circuit has specifically held that the Eleventh Amendment bars claims brought in federal court against state district attorneys in their "official" capacity. See Nivens, 444 F.3d at 249 (dismissing, on Eleventh Amendment grounds, claims brought against a district attorney in his "official" capacity because district attorneys in North Carolina act on behalf of the State, and the State treasury would be affected by any money judgment against a district attorney in his or her "official" capacity). Therefore, in the present suit, the Eleventh Amendment bars any claims for monetary damages against Defendants Bowen and Puckett in their official capacities.

Finally, to the extent Plaintiff seeks some type of injunctive or declaratory relief, Plaintiff has failed to allege a sufficient basis to support a claim for equitable relief in this case. In this regard, this Court notes that any error that may have occurred during Plaintiff's criminal proceedings in Superior Court was addressed and corrected by the state Court of Appeals, such that no continuing error or injury is occurring. Plaintiff generally seeks an injunction for the Defendants to "stop their wrong behavior" and asks the Court "to stop them from wronging others." However, Plaintiff has not alleged any real or immediate threat of injury to justify a claim for equitable relief in this case. Therefore, Plaintiff's claims for equitable relief will also

7

be dismissed, and the Motion to Dismiss [Document #23] by Defendants Bowman and Puckett will be granted.[3]

IV. CONCLUSION

For the reasons discussed above, the Motion to Dismiss [Document #16] by Defendants Adams and Bowen will be granted and Plaintiff's claims against them will be dismissed. In addition, the Motion to Dismiss [Document #23] by Defendants Bowman and Puckett will also be granted, and the claims against them will be dismissed. As a result, all of Plaintiff's claims are dismissed in their entirety and this case is closed.

This, the 26th day of September, 2006.

_____
United States District Judge

---

[3] The Defendants also contend that Plaintiff's Complaint should be dismissed because service of process did not occur until more than 280 days after the Complaint was filed, in violation of Federal Rule of Civil Procedure 4(m), which requires that service be made within 120 days. However, the Court notes that Plaintiff was granted authority to proceed *in forma pauperis* in this action in an Order dated December 7, 2005. Defendant Bowen was served on January 7, 2006 and Defendants Adams, Bowman and Puckett were served on January 9, 2006, approximately one month after Plaintiff received authorization from the Court to proceed *in forma pauperis*. Therefore, the Court will not dismiss Plaintiff's case pursuant to Rule 4(m) and has instead considered the Motions to Dismiss on the stated grounds, as discussed above.